IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KATIE HARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | 14-003313-CV-S-JTM |
| BREG, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

On July 14, 2014, plaintiff Katie Harman ("Harman") filed the present product liability action against Breg, Inc. ("Breg"). Harman's lawsuit arises from post-surgery medical treatment received by Harman following left shoulder surgery in 2008. Part of Harman's treatment involved the use of a PainCare 3000 pain pump manufactured by Breg. In her lawsuit, Harman alleges that Breg failed to warn and/or instruct the medical community that the use of the PainCare 3000 in the "joint space" or the "intra-articular space" of the shoulder could cause permanent injuries. Because Harman is a resident of Missouri and Breg is a California resident, diversity jurisdiction supported the filing in federal court.

Currently pending before the Court is Harman's motion to dismiss the case without prejudice [Doc. 68]. Harman asserts that, through discovery, she has identified two potential parties that she wishes to add as defendants – Kevin Moseley ("Moseley") and his employer, TOSA Medical, Inc. ("TOSA"). Because Moseley is a Missouri resident, his addition in this forum would destroy diversity and, thus is prohibited. 28 U.S.C. § 1367(b). As such, Harman seeks a dismissal so as to permit her to refile her action in Missouri state court against Breg, TOSA, and Moseley. Breg opposes a dismissal or, in the alternative, requests that a dismissal without prejudice be conditioned on Harman paying Breg's litigation costs expended to date.

The relevant civil procedural rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In addition, "[u]nless the order states otherwise, a dismissal under this [provision] is without prejudice. FED. R. CIV. P. 41(a)(2). The Eight Circuit has identified four factors to be considered by a district court ruling on a Rule 41(a)(2) motion:

(1) the defendant's effort and the expense involved in preparing for trial,

(2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,

(3) insufficient explanation of the need to take a dismissal, and

(4) the fact that a motion for summary judgment has been filed by the defendant.

*Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

Analyzing the *Paulucci* factors in this case produces a mixed bag. On one hand, discovery in this case has consumed many months, involved numerous depositions and requests for written discovery, and (undoubtedly) substantial attorney's fees for both parties, but, in particular (as required by *Paulucci*) on behalf of Breg. However, although discovery was very nearly completed at the time of Harman's motion to dismiss, Breg had not yet filed any motion for summary judgment (an event on which the *Paulucci* court placed great significance). In light of the foregoing, then, a ruling on the present Rule 41(a)(2) motion essentially boils down to Harman's reason for wanting a dismissal and the diligence of Harman in discovering that reason.

According to Harman, it was not until the February 3, 2016 deposition of Moseley that Harman first learned that a Sales Representative Agreement existed between Breg and TOSA that generally required Moseley to attend Breg product training, required him to have a complete understanding of Breg products (including use instructions and warnings), required him to provide Breg product information to medical personnel, and prohibited him from promoting off-

2

label uses for Breg products. The Sales Representative Agreement also characterized Moseley and TOSA as independent contractors and not agents or employees of Breg. Moreover, Harman believed that, based on the tenor of questions at Moseley's deposition, Breg may attempt to argue to a jury at trial that Moseley and TOSA (and not Breg) are the sole responsible parties for any damages incurred by Harman.

In opposing a dismissal, Breg argues that Harman's counsel knew or should have known that an "empty chair" defense[1] was a possibility in the case since it had been raised in other Breg product liability litigation involving the same plaintiff's attorneys. While this argument has some merit, standing alone, it does not compel the Court to conclude that Harman's counsel was not diligent in this case. In examining the discovery and disclosures in this case, the Court does believe that Harman's counsel could have been more assiduous in learning about the agency status of the sales representative *viz-a-viz* Breg and, thus, anticipated the possibility of an empty chair argument to the jury. However, the Court also believes that Breg could and should have been forthcoming in its Rule 26 disclosures in this case. Specifically, the Rules require:

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

---

[1] Assuming evidentiary support, generally "a defendant is allowed to prove that a non-party was the sole proximate cause of the plaintiff's harm—the so-called "empty chair" defense in which a defendant shifts blame to a joint tortfeasor who is not in the courtroom." *Brodsky v. Grinnell Haulers, Inc.*, 181 N.J. 102, 114, 853 A.2d 940, 947 (2004).

FED. R. CIV. P. 26(1)(A)(1)(i), (ii).  In its Rule 26 disclosures (and its answer), Breg neither specifically identified TOSA or Moseley by name nor did it produce the Sales Representative Agreement.

Under these circumstances, the Court seemingly has two equitable choices: (1) deny the motion to voluntarily dismiss and allow the case to go forward without TOSA and Moseley as party-defendants, but bar Breg from arguing the empty chair defense because of the disclosure failures, or (2) dismiss the case without prejudice and allow Harman to bring all of the allegedly responsible parties together before a single jury that can determine each parties culpability, if any, for Harman's injuries.  The Court concludes that the latter alternative better serves the interests of justice and moreover, concludes on the record before it that such dismissal need not be further conditioned.  Accordingly, it is

**ORDERED** that *Plaintiff Katie Harman's Motion For Leave To Voluntarily Dismiss Action Without Prejudice Or Imposition Of Costs Pursuant to Rule 41*, filed Februrary 23, 2016 [Doc. 68] is **GRANTED** and this matter is dismissed without prejudice.

      */s/ John T. Maughmer*
        **John T. Maughmer**
  **United States Magistrate Judge**